**In re WIKE.**

No. 20907.

District Court, W. D. Pennsylvania.

Jan. 27, 1942.

Kenneth M. McLure, of New Castle, Pa., Conciliation Commissioner.

Caldwell & McFate, of New Castle, Pa., for Isabella Watt McKean, administratrix of W. A. McKean.

James M. Keller, of Ellwood City, Pa., for John Wike, bankrupt.

GIBSON, District Judge.

In order that the tangled web presented may be the more easily resolved, the material facts are stated in chronological order.

In 1930 one William A. McKean had a judgment for $1,000, recorded in Lawrence County, Pennsylvania, against Silas Wike and John Wike, tenants in common of a 74-acre farm in that county. This judgment was revived several times, and on June 3, 1940, pursuant to a writ theretofore issued, the farm was sold by the Sheriff to the Administratrix of William A.

McKean. On June 21, 1940, the Sheriff's deed was acknowledged, ana on June 26, 1940, the deed was taken from the Prothonotary's Office to the Recorder's Office and therein recorded at 4 o'clock P. M. on that day. On June 26, 1940, at 11:45 o'clock P. M. (the Court in very late session), the Administrator of Silas Wike, then deceased several years, filed a petition in the Orphans' Court of Lawrence County, at No. 19, September Term, 1940, and pursuant thereto that Court gave him permission to file a petition in this court wherein he should seek the benefits of the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., and issued (but later in his order) a rule upon the purchaser at Sheriff's sale to show cause why the prayer of the petitioner for leave to file a petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, should not be granted. On August 13, 1940, prior to decision upon the rule, John Wike, the co-tenant, filed his petition in this court for the benefits of the Agricultural Act. No exceptions had been filed to, nor stay asked by him of the Sheriff's sale proceeding; and, strangely, the judgment debt that was the basis of the Sheriff's sale was returned as "unsecured" in his schedules.

■ Passing by the motion to dismiss the petition after its reference to the Conciliation Commissioner, we find that the Orphans' Court on October 17, 1940, repeated its permission to the Administrator to file the bankruptcy petition and held that the Sheriff's deed had been delivered in violation of the Pennsylvania statute and the rules of the Court of Common Pleas, which required the Sheriff's deed to remain in the Prothonotary's Office for five days after acknowledgment, in that the full period of five days had not expired when the deed was recorded. Acting under the petition, the Orphans' Court directed that the Sheriff's deed be again placed in the Prothonotary's Office as of the date of the order for five days "where it may remain pending the filing of exceptions or securing other relief. If no exceptions be filed or other relief obtained it shall be delivered." The order further provided that the petitioner was granted leave to file the bankruptcy proceeding in the court "pending delivery but not thereafter." The administrator of Silas Wike has never filed exceptions or such petition in this court, and beyond dispute the title of the Estate of Silas Wike passed by the Sheriff's deed. Despite

this fact the order of the Conciliation Commissioner allows the debtor entire possession of the property for a period of three years from the date of his order on July 25, 1941, at the rental found to be proper for his own co-tenancy interest in the farm. No provision whatsoever was made in respect to the interest of the co-tenant, who, even if it be assumed he is properly excluded from possession, had at least the right to his proportionate part of the rental value of the property. Act of June 24, 1895, P.L. 237, § 1, 68 P.S. § 101.

If such deprivation of right arises under Sec. 75, sub. s, of the Bankruptcy Act, that section is certainly unconstitutional. This doubtless was just a lack of recollection on the part of the Conciliation Commissioner in respect to the co-tenancy interest. However, the whole proceeding discloses a number of imperfections in practice and findings of fact upon very scanty evidence.

■ The only stay of proceedings was upon the petition of the Administrator of Silas Wike in the Orphans' Court, in which court the only matter involved was the prayer for permission to file a petition in the Bankruptcy Court. It is only by inference that we may assume that the order of the Orphans' Court undertook to stay the proceedings in the Court of Common Pleas upon the Sheriff's deed. The order submitted and signed only stayed "all proceedings"; and those proceedings might well be assumed to be matters before the Orphans' Court. So far as the Common Pleas Court record appears, the Sheriff's deed was acknowledged and delivered, with no record of exception, motion to vacate or stay of either John Wike or the Administrator of Silas Wike.

■ Counsel for the execution creditor based his review of the order of the Conciliation Commissioner largely upon two grounds: first, the inclusion of the farm land in the bankrupt's estate, and second, alleged error in the finding that John Wike is a farmer. As to the second ground, the court feels that it should not sustain the exception to the order, although the finding is upon an unsatisfactory basis. The Commissioner found as a fact that the debtor had earned in the preceding year $840 as a W. P. A. employe, and $600 from his farm in addition to the produce used by his family.

The first exception will be sustained, partly upon the ground that as to him the record of the Court of Common Pleas shows an unvacated acknowledgment and delivery of the Sheriff's deed prior to his petition in this court. But this reason aside, others exist which must lead to the dismissal of the debtor's petition. The petition of the debtor did not fairly present the matter to the court. In it he was represented, not as a co-tenant, but as the full owner of the farm, and, as stated supra, that the execution creditor's debt was unsecured. This may have been an inadvertence and not bad faith, but if so it is the type of inadvertence entitled to little favor from the court, because it suppressed a material matter. The reason it was not made to appear is hard to explain, because the situation was known to counsel for the debtor when the matter was first presented to the Orphans' Court.

In our opinion Section 75, sub. s, of the Bankruptcy Act does not permit the delivery of a farm to one person when a vested interest therein also appears in another. To hold the contrary would be equivalent to declaring that part of the Act unconstitutional.

In addition to this reason for dismissal of the debtor's petition in bankruptcy, it is plain that no real hope exists for final financial rehabilitation of the debtor. His interest in the farm was fixed at $1,585 in value. As against this he owed the execution debt of $1,000, plus a year's interest, $847.92 of taxes, due from 1932, and some $202.65 of other scheduled debts. That he could maintain his family and pay these amounts in three years from a W. P. A. employe's uncertain wage and a $600 yearly return from the farm, even without any payment to his co-tenant, was beyond any reasonable hope. It is plain that the debtor had no bona fide hope of financial recovery when his petition was filed, because he had no plan therefor to submit to his creditors and was compelled immediately to resort to paragraph s of Section 75. See note Wright v. Vinton Branch, 300 U.S. 440, page 462, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455.

The order of the Conciliation Commissioner will be vacated and the petition of the debtor will be dismissed.